UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------- X
:
96 MARTENSE ST. LLC,                              :    10-CV-413 (ARR) (ALC)
                                                  :
                    Plaintiff,                    :    NOT FOR PRINT OR
                                                  :    ELECTRONIC
        -against-                                 :    PUBLICATION
                                                  :
ANNA CHERUBIN, et al.,                            :    OPINION & ORDER
                                                  :
                    Defendants.                   :
------------------------------------------------------------------- X

ROSS, United States District Judge:

Plaintiff 96 Martense St. LLC brought this action to foreclose a commercial mortgage on real property located in Brooklyn, New York. Plaintiff now moves for (1) summary judgment against defendant Anna Cherubin, who has not responded in opposition to plaintiff's motion. Plaintiff also seeks (2) amendment of the case caption to reflect the true identities of the defendant tenants of the subject property (the "tenant defendants") and (3) default judgment against defendant Serge Cherubin and the tenant defendants. For the reasons explained below, the court grants plaintiff's motion with respect to summary judgment and amendment of the case caption, but denies default judgment against the tenant defendants at this time.

## BACKGROUND

The following facts are not in dispute. On March 28, 2003, defendant Serge Cherubin and Yadlynd Cherubin became indebted to Flushing Savings Bank, FSB ("Flushing"), in the principal amount of $300,000.00; to secure the debt they issued a mortgage note and a mortgage (collectively, the "mortgage") to Flushing on real property located at 96 Martense Street in Brooklyn, New York (the "property"). (Pl. Mot. Summ. J. Ex. A, Ex. B.) The property is

1

improved with an apartment building, in which tenant defendants Huguette Blaise, Jean Kranash, Jean Bertrand, Rene Bolt, Claire Altima, and Benita Magioire live. (Declaration of Jeffrey M. Rosenberg, Aug. 19, 2010 ("J. Rosenberg Decl.") ¶ 4.) On March 15, 2006, Serge Cherubin and Yadlynd Cherubin assigned their mortgagor's interest to defendants Serge Cherubin and Anna Cherubin (collectively, "the Cherubin defendants"). (Pl. Mot. Summ. J. Ex. C.) On July 16, 2009, Flushing assigned its mortgagee's interest to plaintiff. (Id. Ex. D.)

Under the terms of the mortgage, the Cherubin defendants were obligated to make payments of principal and interest on the first day of each calendar month. (Id. Ex. A. at 1-2.) Failure to make one of these monthly payments would constitute a default under the mortgage, and if the default continued for 15 days after the payment was due, the mortgagee was entitled to accelerate the full loan balance, without further notice, demand or presentment for payment. (Id. Ex. A at 2, 4, Ex. B, Rider to Mortgage at 1.)

The Cherubin defendants failed to timely tender payments due at least from April 1, 2009 to the commencement of the action on February 1, 2010. (Declaration of Issac Gefilhaus, Aug. 18, 2010 ("Gefilhaus Decl.") ¶¶ 14-15; Pl. Mot. Summ. J. Ex. E, Ex. F, Ex. G.)[1]
On November 2, 2009, plaintiff's counsel sent Anna Cherubin a letter advising her of her default under the mortgage and plaintiff's election to declare the full amount due and payable. (Ans. Ex. A.) The letter gave her ten days to bring the mortgage current. (Id. Ex. A.) Anna Cherubin states in her verified answer that on November 17, 2009, she attempted to cure her default on the mortgage by enclosing with a letter to plaintiff's counsel a certified check for $27,784.80,

---

[1] It is unclear whether or not the Cherubin defendants tendered payment on March 1, 2009. Isaac Gefilhaus, a member of the plaintiff, states that no payment was received on that date (Gefilhaus Decl. ¶ 14), but a July 13, 2009 payoff statement sent by Flushing claims default interest only from April 1, 2009 (Pl. Mot. Summ. J. Ex. E.). Anna Cherubin's letter to plaintiff's counsel, dated November 17, 2009 and attached as an exhibit to her answer, also assumes that payment was tendered on March 1, 2009. (Ans. Ex. B.) It is undisputed that the Cherubins failed to make payments on the mortgage note as required on the first of each month from April 2009 onward.

representing eight payments of mortgage arrears plus an additional $3,070.88 for interest and expenses. (Id. ¶ 7, Ex. B) Plaintiff's counsel states that he did not receive her letter or payment. (Declaration of Simon Klein, Aug. 19, 2010 ("Klein Decl.") ¶¶ 6-10.) Since plaintiff acquired its interest in the mortgage, it denies receiving any payments from the Cherubin defendants. (Gefilhaus Decl. ¶ 15.)

## DISCUSSION

1. <u>Summary Judgment against Anna Cherubin</u>

Under Federal Rule of Civil Procedure 56(c), a moving party is entitled to summary judgment "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); see also Gallo v. Prudential Residential Servs., 22 F.3d 1219, 1223 (2d Cir. 1994). "'While genuineness runs to whether disputed factual issues can reasonably be resolved in favor of either party . . . materiality runs to whether the dispute matters, i.e., whether it concerns facts that can affect the outcome under the applicable substantive law.'" McPherson v. Coombe, 174 F.3d 276, 280 (2d Cir. 1999) (quoting Graham v. Henderson, 89 F.3d 75, 79 (2d Cir. 1996) (internal quotations omitted)). The function of the court is not to resolve disputed issues, but to determine whether there is a genuine issue to be tried. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249 (1986).

In addressing a motion for summary judgment, "the court is required to draw all factual inferences in favor of the party against whom summary judgment is sought." Balderman v. U.S. Veterans Admin., 870 F.2d 57, 60 (2d Cir. 1989). Summary judgment should be granted "[o]nly when no reasonable trier of fact could find in favor of the nonmoving party." Cruden v. Bank of

3

N.Y., 957 F.2d 961, 975 (2d Cir. 1992). The moving party bears the initial burden of demonstrating that no genuine factual dispute exists. See Cronin v. Aetna Life Ins. Co., 46 F.3d 196, 203 (2d Cir. 1995). If the movant successfully shoulders its initial burden, the burden shifts to the nonmoving party to "set forth specific facts showing that there is a genuine issue for trial." Anderson, 477 U.S. at 250.

The court finds that plaintiff has met its initial burden of demonstrating that there exists no genuine issue of material fact and that it is entitled to summary judgment. Plaintiff's declarations and exhibits amply support the existence and terms of the mortgage, defendant Anna Cherubin's obligation to pay plaintiff, and the lack of receipt of any required payments after March 2009. The burden therefore shifts to Anna Cherubin to set forth facts showing a genuine issue for trial. Id.

Although Anna Cherubin has not responded in opposition to plaintiff's motion, she has alleged in her verified answer and appended exhibits that on November 17, 2009, she offered full payment of all arrears by mailing a certified check to plaintiff's counsel. Drawing all inferences in favor of defendant Anna Cherubin, the court finds that she has failed to raise a genuine issue of material fact. First, she concedes that the mortgage was eight months in arrears as of November 2, 2009. In a letter of that date, plaintiff's counsel unambiguously expressed plaintiff's election to accelerate the mortgage debt and declare the full amount due as provided for by the terms of the mortgage. Following the acceleration, Anna Cherubin's stated attempt to tender the arrears would not be sufficient to bring the mortgage current and cure the default; only tender of the entire mortgage balance, an order of magnitude more than the amount she states she sent to plaintiff, would have been sufficient. Anna Cherubin does not claim to have tendered the entire mortgage balance. Second, beyond her alleged payment of arrears in November 2009, she

4

has offered nothing to rebut plaintiff's statement that it had received no payments since acquiring its interest in the mortgage. It is an uncontested fact before the court that the mortgage is currently in default and that no payments were tendered in December 2009 or January 2010, between the attempt to cure on November 17, 2009 and the filing of this action on February 1, 2010. Even if Anna Cherubin had succeeded in curing in November 2009, she would have been in default by February 1, 2010, and under New York law, the commencement of this foreclosure action would alone have been sufficient to accelerate the mortgage debt. See Albertina Realty Co. v. Risboro Realty Corp., 258 N.Y. 472, 475-76 (1932); Charter One Bank, FSB v. Leone, 45 A.D.3d 958, 958 (3d Dep't 2007). For this reason also, Anna Cherubin's alleged attempted payment of the mortgage arrears could not have cured her default on the mortgage.

The court therefore grants plaintiff summary judgment against Anna Cherubin and respectfully refers the matter to Magistrate Judge Carter for an inquest to determine the amount due and owing under the mortgage.

2. Amendment of the Case Caption

Plaintiff moves to amend the caption of the complaint to correct the names of the "John Doe" and "Jane Doe" defendants by substituting as named defendants Huguette Blaise, Jean Kranash, Jean Bertrand, Rene Bolt, Claire Altima, and Benita Magioire, in order to reflect the true identities of the tenant defendants. Pursuant to Rule 15(a)(2) of the Federal Rules of Civil Procedure, leave to amend a complaint should be freely given when justice so requires. The court therefore grants plaintiff's motion to amend the caption.

3. Default Judgment against Serge Cherubin and the Tenant Defendants

Plaintiff moves for a default judge against Serge Cherubin and tenant defendants Huguette Blaise, Jean Kranash, Jean Bertrand, Rene Bolt, Claire Altima, and Benita Magioire for their failure to appear or defend this action, their time to do so having expired. On August 25, 2010, the Clerk of Court entered the default of Serge Cherubin pursuant to Rule 55(a) of the Federal Rules of Civil Procedure. With respect to Serge Cherubin, therefore, the court respectfully refers the matter to Magistrate Judge Carter to determine the amount due and owing under the mortgage.

With respect to the tenant defendants, the court advised in a telephone conference on September 3, 2010, that no default would be entered against them at this time. As plaintiff agreed, plaintiff will serve the tenant defendants by registered mail, return receipt requested, with the amended complaint, the caption of which will reflect their true identities. If any of the tenant defendants fails to answer within 21 days after being served with the amended complaint, plaintiff may move the Clerk of Court, upon submission of the registered mail receipts, for an entry of default against him or her. With the amended complaint, plaintiff is directed to enclose a copy of this opinion.

## CONCLUSION

For the reasons stated above, the court grants plaintiff's motion for summary judgment against defendant Anna Cherubin. The court also grants plaintiff's motion to amend the case caption by replacing the "John Doe" and "Jane Doe" defendants with named defendants Huguette Blaise, Jean Kranash, Jean Bertrand, Rene Bolt, Claire Altima, and Benita Magioire. Plaintiff's motion for entry of default against these defendants is denied at this time, and plaintiff will serve them by registered mail, return receipt requested, with the amended complaint, the caption of which has been amended as indicated, and will enclose this opinion. Should any of

them fail to answer within 21 days after being served with the amended complaint, plaintiff may move the Clerk of Court, upon submission of the registered mail receipts, for an entry of default against him or her.

The court respectfully refers the matter to Magistrate Judge Carter to conduct an inquest to determine the amount due and owing under the mortgage and to issue a report and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B).

The Clerk of the Court is directed to enter judgment accordingly.

SO ORDERED.

S/Judge Ross

_____
Allyne R. Ross
United States District Judge

Dated:   October 21, 2010
         Brooklyn, New York

**Service List**

    Attorney for Plaintiff:
    Jeffrey M. Rosenberg
    Klein & Solomon, LLP
    275 Madison Avenue
    11th Floor
    New York, NY 10016


    Attorney for Defendant Anna Cherubin
    Jan V. Farensbach
    Law Offices of Jan Farenbach
    277 Broadway
    Suite 1405
    New York, NY 10007


    Attorney for Defendants New York City Hospital Center and New York City Environmental Control Board
    Karen M. Ross
    The City of New York Law Department
    100 Church Street
    3-106
    New York, NY 10007


    Defendants
    Anna Cherubin
    999 E. 38th Street
    Brooklyn, NY 11210

    Anna Cherubin
    2189 Westbourne Drive
    Oviedo, FL 32765

    Serge Cherubin
    999 E. 38th Street
    Brooklyn, NY 11210


cc:    Magistrate Judge Andrew L. Carter, Jr.