```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------- X
                                                                  :
96 MARTENSE ST. LLC,                                              :    10-CV-413 (ARR) (ALC)
                                                                  :
                Plaintiff,                                        :    NOT FOR ELECTRONIC
                                                                  :    OR PRINT PUBLICATION
        -against-                                                 :
                                                                  :    ORDER
CHERUBIN et al,                                                   :
                                                                  :
                Defendants.                                       :
                                                                  :
----------------------------------------------------------------- X
```

ROSS, United States District Judge:

The court has received defendant's request, dated October 7, 2011 for a preliminary injunction and temporary restraining order. Specifically, defendant Anna Cherubin requests that this court stay eviction proceedings and enjoin plaintiff from enforcing its title to the premises of 96 Martense Street. Because defendant's request for a preliminary injunction and temporary restraining order is entirely without merit, it is denied.

To obtain a preliminary injunction, the moving party must show "that 1) absent injunctive relief, it will suffer irreparable harm, and 2) either a) that it is likely to succeed on the merits, or b) that there are sufficiently serious questions going to the merits to make them a fair ground for litigation, and that the balance of hardships tips decidedly in favor of the moving party." Otokoyama Co. Ltd. v. Wine of Japan Import, Inc., 175 F.3d 266, 270 (2d Cir. 1999). Defendant asks that this court vacate the foreclosure sale of the premises because plaintiff failed to properly notice the sale by publication pursuant to 28 U.S.C. § 2002 and N.Y. C.P.L.R. 2003. The court finds that plaintiff's notice of sale through publication in the New York Law Journal was adequate and does not warrant setting aside the foreclosure sale. See Mortg. Elec. Registration Sys., Inc. v. Schotter, 50 A.D.3d 983, 984-85 (2d Dep't 2008); OCI Mortg. Corp. v.

Bubeck, 250 A.D.2d 581, 581 (2d Dep't 1998). Defendant's remaining grounds for relief have been previously determined by this court, and defendant has had a full and fair opportunity to litigate them. See Dkt. Nos. 34, 49, 63. Accordingly, defendant has not demonstrated any likelihood of success on the merits.

## CONCLUSION

Defendant has failed to demonstrate any likelihood of success on the merits for vacating the sale of the premises. Therefore, defendant's request for a preliminary injunction and temporary restraining order is denied.

SO ORDERED.

__/s/_____
Allyne R. Ross
United States District Judge

Dated:    October 11, 2011
          Brooklyn, New York